| | | |
|---|---|---|
| IN RE: MEDICAL REVIEW | * | NO. 2025-CA-0252 |
| PANEL PROCEEDING OF | | |
| THE FAMILY OF HAI | * | |
| NGUYEN | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-04122, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Chief Judge Roland L. Belsome**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Paula A. Brown, Judge Rachael D. Johnson)

Christopher Minias
MINIAS LAW FIRM
1615 Poydras St.
Suite 900
New Orleans, LA 70112

     COUNSEL FOR PLAINTIFF/APPELLANT

C. WM. Bradley, Jr.
Lance V. Licciardi, Jr.
Jada C. Doucet
BRADLEY MURCHISON KELLY & SHEA, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163-2700

Michael F. Nolan
Sarah L. Johnson
CONNICK AND CONNICK, L.L.C.
3421 N. Causeway Blvd., Suite 408
Metairie, LA 70002

     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**December 5, 2025**

In this medical malpractice survival claim, Plaintiffs/Appellants appeal a judgment of the trial court sustaining a peremptory exception of prescription, dismissing their alleged survival action with prejudice. For the following reasons, we affirm the judgment of the trial court.

**FACTS**

The Appellants in this case are members of the family of Hai Nguyen ("Ms. Nguyen"), a woman who died in March, 2020. On April 20, 2019, Ms. Nguyen visited the emergency room at Tulane Medical Center accompanied by her daughter, Nga Nguyen ("Nga"). She had fallen at her home. Ms. Nguyen suffered bruising and subarachnoid hemorrhage as a result of her fall.[1] She was released the following day. For brevity, we refer to this period as the "First ER Visit." Appellants allege that Ms. Nguyen had evidence of gangrene in her toes at the First ER Visit.

Ms. Nguyen returned to Tulane Medical Center on May 15, 2019, complaining of shortness of breath and lower extremity swelling. She was admitted by Appellee, Dr. John C. Simon ("Dr. Simon"), who ordered a consult with a

---

[1] At the time of the First ER Visit, Ms. Nguyen was 59 years old. She was also suffering from diabetes, end-stage renal disease, hypertension, lung ailments and peripheral vascular disease throughout her body. She also had other neurological issues after the fall.

nephrologist fellow, Appellee, Dr. Zamir A. Zamir ("Dr. Zamir"), who examined her the next day. Dr. Zamir ordered continuing dialysis[2] and noted "non-gangrene" on her lower extremities after a normal inspection. Ms. Nguyen was discharged two days later. This period will be referred to as the "Second ER Visit."

On June 3, 2019, Ms. Nguyen sought further treatment with Dr. Vu Mai ("Dr. Mai") at Westbank Medical and Walk-In Clinic. At this appointment, Ms. Nguyen was accompanied by her daughter, Nga. Medical records indicate, on this day, that a wheelchair was ordered because of inevitable amputation of the foot; she was prescribed Silvadene, a topical cream, to treat the wounds in her feet caused by gangrene. Dr. Mai ordered a bi-lateral ultra sound of the feet in order to evaluate the lack of vascular movement and infection. Further, the report stated that Ms. Nguyen was "present for a [follow up] for gangrene in the toes and heel." The report also noted, a "non-healing ulcer of the heel", lower leg with necrosis of muscle and "gangrenous toes and heels." Dr. Mai referred Ms. Nguyen to a vascular surgeon specialist, Dr. Shivak Patel ("Dr. Patel").

Ms. Nguyen visited Dr. Patel, at West Jeff Medical Center on June 21, 2019. He noted in her record that her condition "had been worsening over the past 2 months" and he informed Ms. Nguyen that she would need an amputation. Ms. Nguyen's leg was amputated below the knee on July 1, 2019. Ms. Nguyen died from a heart attack on March 27, 2020.

Appellants requested a medical review panel alleging medical malpractice by Drs. Simon and Zamir, on June 15, 2020. Appellants alleged that the doctors' failure to diagnose, investigate, treat, and monitor Ms. Nguyen's foot hastened her

---

[2] Ms. Nguyen was already on a regular dialysis regimen.

death. Both defendants filed exceptions of prescription, claiming that the one-year prescriptive period had lapsed pursuant to La. R.S. 9:5628(A).

The trial court heard the exceptions on December 5, 2024. At the hearing, Appellant's counsel attempted to have Nga testify about the information conveyed at the June 3 appointment with Dr. Mai. Defense counsel objected, arguing that Appellants had given no prior notice of their intent to call a witness at the hearing. The trial court did not allow the live testimony, referring to any such testimony as "self-serving." Additionally, the trial court found that Ms. Nguyen had the necessary constructive knowledge required to begin the running of prescription on her claim after her visit with Dr. Mai on June 3, 2019. The exceptions were sustained as to Appellants' survival action but not as to their wrongful death claim. A written judgment was issued on December 16, 2024, dismissing both defendants.

Appellants appeal judgment here.

## STANDARD OF REVIEW

Evidence introduced at the trial of the exception included medical reports from most of Ms. Nguyen's doctor appointments. "Typically, when prescription is raised by peremptory exception, the trials court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." *Johnson v. Ruston Louisiana Hospital Co.*, LLC, 54-258, p. 9, (La.App. 2 Cir. 8/10/22), 345 So.3d 464, 470. We apply that standard of review here.

## DISCUSSION

Appellants aver that the claim is timely under the "discovery rule" pursuant to La. R.S. 9:5628, as it was filed six days less than one year after June 21, 2019. They argue that this is the date on which Nguyen was explicitly informed of the severity of her gangrene, the need for amputation, and the connection to prior care.

3

Appellants contend further that the June 3 appointment at Westbank Medical only noted the "possibility" of amputation and was not a "definitive diagnosis." Nga's rejected testimony, Appellant's allege, would confirm that the June 3 appointment "neither explicitly connected the gangrene to prior medical treatment nor suggested that amputation was imminent."

Conversely, Appellees argue that prescription began to toll on June 3, 2019, when Ms. Nguyen and Nga Nguyen visited Dr. Mai. This appointment was not routine, but a second opinion. This coupled with the treatment plan provided by Dr. Mai was enough to incite constructive knowledge of a claim for malpractice.

Prescription in a medical malpractice case is controlled by La. R.S. art. 9:5628, which provides in pertinent part as follows:

> A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, **or within one year from the date of discovery of the alleged act, omission, or neglect;** however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.[3]

(Emphasis added.)

The pivotal question in this matter is when Ms. Nguyen gained constructive knowledge of potential malpractice sufficient to start the tolling of prescription. "Constructive knowledge is whatever notice is enough to excite the attention and

---

[3] La. R.S. art. 9:5628 not only corresponds with the basic one year prescriptive period for delictual actions . . . . it embodies the "discovery rule" delineated as the fourth category in the jurisprudential doctrine of *contra non valentem. Campo v. Correa,* 01-2707, p. 9, La. 6/21/02), 828 So.2d 502, 509.

4

put the injured party on guard and call for inquiry." *Campo v. Correa,* 01-2707, p. 12, (La. 6/21/02), 828 So.2d 502, 510-511.

The Appellants maintain that notice of the severity of Ms. Nguyen's condition was not relayed until her appointment with a specialist in wound care, podiatry and vascular surgery, on June 21, 2019. This consultation, they state, was the point where Ms. Nguyen was given "the first clear evidence of malpractice."

"The law of prescription . . . does not require that the plaintiff be informed by a medical practitioner or an attorney of possible malpractice before the prescriptive period begins to run." *In re Med. Review Panel Proceedings of Singleton*, 23-190, p. 9, (La.App. 5 Cir. 2/28/24), 382 So.3d 1063, 1070 *aff'd sub nom. In re Med. Review Panel Proceedings of Don Singleton*, 24-00415 (La. 6/19/24), 386 So.3d 306 (quoting *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 21-00061, p. 18 (La. 10/10/21); 333 So.3d 368, 381). "A Plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the Plaintiff knew or should have known through the exercise of reasonable diligence that [their] problem may have been caused by acts of malpractice." *Campo v. Correa,* 01-2707, p. 12, La. 6/21/02), 828 So.2d 502, 510. Further, "[t]he referral of a patient to another physician can constitute the constructive knowledge necessary to commence the running of the one-year prescriptive period." *In Re Hickman*, 14-779, p. 10, (La.App. 3 Cir. 2/4/15), 158 So.3d 187, 194.

In the matter before us the alleged malpractice occurred on April 20, May 15 and 16, 2019, the dates when the Appellees failed to recognize that Ms. Nguyen was suffering from gangrene. On June 3, 2019, Ms. Nguyen visited a family physician because her symptoms were worsening. Ms. Nguyen was then referred to

a specialist. Westbank Medical's records indicate that gangrene was present and prescribed topical cream to address it. The record also suggests that a leg amputation is imminent, as Ms. Nguyen's condition had been "worsening over the previous two months." All of these factors indicate that Ms. Nguyen knew or should have known about her condition. The circumstances should have given a reasonable person constructive knowledge that the diagnosis was missed.

We find that the trial court was not manifestly erroneous, or clearly wrong in sustaining the Appellees' exception of prescription. We agree that the claim prescribed on June 3, 2020.

**WITNESS TESTIMONY**

Appellants contend that dispositive testimony could have been provided by Ms. Nguyen's daughter. Therefore, Appellants argue that the "appropriate remedy" by the court would have been "to permit additional evidence and discovery of the disputed factual merits of this issue, rather than dismissing Plaintiff's claim summarily as a matter of law."

Orleans Parish Civil District Court, Local Rule, Title II: 9.8(a), outlines procedure for testimony: "To assist the court in scheduling the hearing, the exception or motion, and any opposition thereto, shall state: (1) whether or not the case is set for trial and, if so, the trial date; and (2) whether testimony will be offered at the hearing."

"A trial judge has great discretion in conducting a trial. . . . This discretion includes the admissibility of a witness's testimony." *Louisiana Safety Ass'n of Timbermen v. Carlton*, 12-0775, p. 5, (La.App. 1 Cir. 12/21/12), 111 So.3d 1076, 1081 (internal citations omitted). Opposing counsel objected to the proposed testimony at the hearing. Neither opposing counsel nor the court was informed of

6

the witness beforehand. Counsel for the Appellants had ample opportunity to admit this evidence throughout the discovery process.[4] We see no abuse of the court's discretion to deny Ms. Nguyen's daughter from testifying at the hearing.

**CONCLUSION**

Based on the record before us, we find that Ms. Nguyen had the necessary constructive knowledge to begin tolling the one-year prescriptive period on June 3, 2019, thus the survival action against the Appellees was prescribed. The judgment dismissing Appellants' petition filed more than one year later on June 15, 2021 is affirmed.

**AFFIRMED**

---

[4] Appellants did not proffer the evidence to preserve for their appeal and the witness testimony is not in the record.